IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW R. SCHUMACHER

        Plaintiff,

v.

MATTHEW FRANK, et al.

        Defendants.

AMENDED
SCHEDULING ORDER

08-cv-228-slc

---

SHAUN MATZ

        Plaintiff,

v.

MATTHEW FRANK, et al.

        Defendants.

08-cv-491-slc

---

SHAUN MATZ

        Plaintiff,

v.

MATTHEW FRANK, et al.

        Defendants.

09-cv-653-slc

---

On June 18, 2010, the court held a telephonic hearing on the parties' joint motions for a status conference, dkt. 71 in 08-cv-228, dkt. 67 in 08-cv-491 and dkt. 17 in 09-cv-653.  All parties were represented by counsel.  Essentially, the request boiled down to suspending the schedule in these three cases in order to allow the parties to attempt mediation.  The state supports this request because it characterizes the possibility of settlement as "substantial," but due to limited resources it cannot simultaneously mediate and litigate these lawsuits.  The state characterized mediation as a more efficient use of scarce public resources.  Plaintiffs are willing to attempt mediation but reported that it would difficult and expensive to attempt mediation while also conducting discovery, motions practice and preparing for trial.  Without committing to a particular deadline, both sides predicted that mediation could be conducted relatively quickly.

As I told the parties at the hearing, the court remains concerned with the age of these cases and it views the currently-scheduled series of November, 2010 jury trials as a more certain method

than mediation to resolve these lawsuits. Nonetheless, in light of the parties' representations, the totality of circumstances suggests that Rule 1 is best served by striking the summary judgment schedule and staying discovery so that the parties may attempt mediation promptly, diligently and in good faith. I am maintaining all three trial dates as placeholders, although the court will, for good cause shown, give the parties some breathing room if mediation is not successful.

So that the court stays in the loop, the parties must file a joint letter to the court every month, beginning on or about July 19, 2010, briefly reporting what mediation activities have occurred, what is scheduled to occur and a terse assessment whether mediation remains useful and promising. The parties must *not* report any substantive settlement information so that the court remain walled off from the process.

ORDER

It is ORDERED that in each of these three cases:

(1) The motion for a status conference is GRANTED.

(2) The summary judgment deadline is STRICKEN and discovery is STAYED.

(3) The parties shall begin mediation promptly and report to the court once a month.

(4) The trial date remain in place.

Entered this 18th day of June, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge